## Wilson et al. *versus* Commonwealth.

1. Defendants were charged in the first count of an indictment with a conspiracy to enter upon certain premises and to hold and keep possession of the same, and in the second and third counts with forcible entry and detainer. The jury convicted them of the conspiracy, and acquitted them on the second and third counts. The court sentenced them to pay a fine of $25, to be imprisoned for one hour, and to pay the costs of prosecution. *Held*, that this was not error.

2. It was contended that the indictment was for conspiracy at common law, and that as a remedy was provided for the offence charged by the Act of March 31st 1860, this remedy should have been pursued and the defendants could not be sentenced under the indictment. *Held*, that the conviction for conspiracy is not inconsistent with an acquittal of the charge of forcible entry and detainer. The legal effect of such a record is to show that the defendants conspired to commit the act, but did not accomplish their object, and they could be punished for the unlawful agreement. *Held, further*, that the count for conspiracy was laid at common law ; that conspiracy at common law is a much broader offence than the one prescribed by the statute ; that the 128th section of the statute does not and was not intended to interfere with the indictment and punishment of common-law conspiracy, and that the defendants were properly sentenced.

October 27th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Quarter Sessions of *Indiana county :* Of October and November Term 1879, No. 370.

Indictment of Edward H. Wilson, Barnabas Douglass and others.

Wilson, Douglass and twelve others were jointly indicted, the first count charging that they "unlawfully and wickedly did conspire, combine, confederate and agree together, with violence and with a strong hand, to enter into and upon a certain piece or tract of land situate in the township of White," &c., (fully describing the premises) ; " and with violence and a strong hand, unlawfully to expel, remove and put out" the prosecutors " from possession of the said premises and by force and with a strong hand to hold and keep possession of the same against the peace and dignity of the Commonwealth of Pennsylvania ;" and in the second and third counts with forcible entry and detainer of the premises described as in the first count.

The jury returned the following verdict : " They find the defendants, E. H. Wilson and B. F. Douglass, on the first count in the indictment, guilty in manner and form as they stand indicted ; and as to the other defendants not guilty on the first count of the indictment ; and as to the second and third counts of the indictment they say they find the defendants not guilty."

A motion in arrest of judgment was made on behalf of Wilson and Douglass, the following reasons being assigned therefor : 1st. The count of the indictment on which the defendants have been convicted is for conspiracy at common law, if any crime at all is

[Wilson v. Commonwealth.]

charged, a remedy having been provided for such offence by Act of 31st of March 1860, this remedy should have been strictly pursued and defendants cannot be sentenced under this indictment; 2d. Defendants have not been convicted of any offence for which they can be sentenced under the laws of the Commonwealth: 3d. Defendants having been acquitted on the counts of the indictment for forcible entry and detainer, it is illogical and inconsistent to convict them of a conspiracy to commit forcible entry and detainer or forcible detainer; 4th. The defendants having been acquitted on the counts of the indictment for forcible entry and detainer it is illogical and inconsistent to convict them of conspiracy to commit forcible entry and detainer or forcible detainer when it appeared ·on the trial they went into the. locus in quo and remain there still; 5th. The verdict and the indictment are so inconsistent that sentence cannot be pronounced.

The motion in arrest of judgment and a motion for a new trial were both argued together. The court, Blair, P. J., overruled both motions, and sentenced each of the defendants to pay a fine of $25 and to be imprisoned for one hour in the county jail and to pay the costs. The defendants, Wilson and Douglass, took this writ, and alleged that the court erred: 1. In overruling the motion in arrest of judgment; 2. In sentencing the defendants under the first count of the indictment; 3. In sentencing defendants on the finding of the jury.

*Harry White* and *S. M. Clark*, for plaintiffs in error.—It may have been the intention of the Commonwealth, in drawing the conspiracy count, to charge the defendants with conspiracy at common law, but, it is submitted this could not be done, since the adoption of the Revised Code of 1860, with such averments of facts as appear in the first count of the indictment. Originally, at common law, a technical criminal conspiracy embraced a very narrow class of cases: Lord Coke, in 3d Inst. 143; 4 Blackstone 136; Jacob's Law Dict., tit. *Conspiracy;* King v. Turner, 13 East 228; Commonwealth v. Gallagher, 4 Pitts. L. J. 63. By the 128th section of the Criminal Code, Purd. Dig. 350, the offence of conspiracy is clearly defined. It embraces elements the common law did not. By it also the common-law punishment was changed. The indictment should have been under this statute. It fails to charge the offence in its terms—omits to charge the acts as *dishonestly* and *maliciously* done. The language of the statute should have been pursued and failing in this the indictment is bad and no sentence under the statute can be pronounced, nor can any otherwise for the offence charged: Warner v. Commonwealth, 1 Barr 156; Chapman v. Commonwealth, 5 Whart. 427; State v. Abernathy, Busbee's Rep. 428. The charge was of a conspiracy to commit forcible·entry and detainer. The punishment for that

offence may be either fine or imprisonment, and in Hartman *v.* Commonwealth, 5 Barr 60, it is said, " a conspiracy to do an act, punishable by statute, cannot be more severely punished than would be the successful perpetration of the offence." The punishment for conspiracy as fixed by Act of March 1860, makes imprisonment compulsory.

*Weir & Gibson* and *John N. Banks*, for defendant in error.—The objections urged by the plaintiffs in error if defects at all are merely formal in their character, and should have been taken advantage of in the mode prescribed by the Penal Code. If the omissions in the indictment to conclude against the statute were considered not merely formal defects, still we submit that it concludes in proper form and is good in law. Where a statute creates or expressly prohibits an offence, and inflicts a punishment, the indictment must conclude against the form of the statute. But where a statute only inflicts a punishment on that which was an offence before, there is no necessity of mentioning the statute : Commonwealth *v.* Searle, 2 Binn. 332 ; White *v.* Commonwealth, 6 Id. 179 ; Commonwealth *v.* Russell, 7 S. & R. 489. In the case in hand the crime charged in the indictment is conspiracy. The statute does not create that offence, but simply changes the common-law punishment.

Mr. Justice PAXSON delivered the opinion of the court, November 1st 1880.

The defendants below were charged in the first count of the indictment with a conspiracy to enter upon certain premises described therein, and to hold and keep possession of the same ; and in the second and third counts with forcible entry and detainer. The jury convicted them of the conspiracy, and acquitted them on the second and third counts. The court below sentenced them to pay a fine of $25, to be imprisoned in the county jail for one hour, and to pay the costs of prosecution. The record having been removed into this court, the defendants have assigned for error, 1st, That the court below erred in overruling the motion in arrest of judgment ; and 2d, That the court erred in sentencing the defendants upon the verdict of the jury.

No sufficient reason has been shown why the judgment should have been arrested. The record is without fault, and the conviction for conspiracy is not inconsistent with an acquittal of the charge of forcible entry and detainer. The legal effect of such a record is to show that the defendants conspired to commit the act, but did not accomplish their object. They may be punished for their unlawful agreement. The gist of the offence in conspiracy is the unlawful combination, and the offence is complete the moment such combination is formed.

[Wilson v. Commonwealth.]

We are unable to see any good reason why the defendants should not have been sentenced. We have no question affecting the merits of the case before us. It was said, however, that the indictment was for the common-law offence, while it should have been laid under section 128 of the Code: See Pamph. L. 412. An examination of this section shows that it is confined to conspiracies to cheat and defraud, just as the previous section (127) relates to conspiracies to indict. ·A conspiracy at common law is a much broader offence, and embraces cases where two or more persons combine, confederate and agree together to do an unlawful act, or to do a lawful act by the use of unlawful means. Section 128 of the Code does not, nor was it intended to interfere with the indictment and punishment of a common-law conspiracy.

It is manifest, therefore, that the discrepancies pointed out between the indictment and section 128 are immaterial. The indictment was not laid under the Code. It does not use its phraseology, nor does it conclude against the form of the statute. The count for conspiracy is laid at common law.

It is said further that the sentence is erroneous; · that while the indictment charges a common-law offence, the learned judge imposed sentence under the statute.

There is no such assignment of error. The assignments are not to the form of the sentence but to its illegality ; that it was error to sentence the defendants at all. Nevertheless if there were error in this respect we might set aside the sentence and impose the proper one ourselves, or send the record back for that purpose.

For offences under section 128 the law .prescribes· both fine and imprisonment. It is not denied that both may be imposed at common law. But it was contended that at common law it was not compulsory to imprison as well as fine. From this the ingenious argument has been constructed that the court below would not have sentenced the defendants to an imprisonment of one hour unless the learned judge believed he was constrained to do so by the statute ; therefore the defendants were sentenced under the statute although convicted at common law. This is assuming that which nowhere appears in the case. The court below gave no reasons for the sentence, and the working of the judicial mind does not come up with the record, nor is it assignable for error. We can only reverse for what the learned judge did, not for what he may have thought. As both fine and imprisonment may be imposed at common law, the sentence was clearly legal whatever may have been the line of judicial reasoning which led to it.

Nor is there any merit in the further criticism that the sentence is erroneous for the reason that it is greater than the statute provides for the completed offence. Hartman v. Commonwealth, 6 Barr 60, and Scott v. Commonwealth, 6 S. & R. 224, have no application. Had the defendants been convicted under the counts

[Wilson *v.* Commonwealth.]

charging the forcible entry and detainer they could have been sentenced to a fine of $500 and imprisonment of one year.

Judgment affirmed.