Argued October 31, 1933.
The defendants, Peter Mack, Anthony Chioban, Charles Osborne, and three others, were indicted on a charge of conspiracy. The three named were convicted and sentenced and have appealed to this court, and of the remaining defendants, two plead nolo contendere and the third, who was convicted, died before sentence was passed. The questions involved are whether the indictment was sufficient and, if so, whether the evidence sustained the verdict. A motion was made to quash the indictment and overruled by *Page 496 
the court, and following the verdict a motion was made in arrest of judgment and refused by the lower court.
The indictment charged that the defendants, on or about the 19th day of April, 1932, "did unlawfully, fraudulently, falsely, wilfully and maliciously conspire, combine, confederate and agree to, among and between themselves, do a certain dishonest, malicious and unlawful act, to-wit: to unlawfully, falsely, knowingly and maliciously charge [sixteen named individuals] and each of them with the unlawful sale of intoxicating liquor containing more than one-half of one per cent alcohol by volume, to the great prejudice and damage of the said [persons named] and each of them, contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania."
Section 127 of the Penal Code of 1860 (18 PS 211) made it a misdemeanor for two or more persons to "conspire or agree falsely and maliciously, to charge or indict any other person, or cause or procure him to be charged or indicted in any court of criminal jurisdiction." As the indictment did not allege a conspiracy to charge any person "in any court of criminal jurisdiction," the indictment cannot be sustained under that section of the act. The evil act as to which they are alleged to have conspired was a false charge which does not of itself imply a charge in a criminal proceeding.
The trial court in disposing of the motion to quash the indictment held that it could be sustained under Section 128 of the Penal Code of 1860 (18 PS 2451), but did not say that the indictment could not have been sustained under the common law. In the opinion filed in disposing of the motion in arrest of judgment, the lower court expressed the opinion that the indictment and verdict could be sustained as a common law indictment even if it was not good under Section 128. *Page 497 
The material portion of Section 128 of the Code is as follows: "If any two or more persons shall falsely and maliciously conspire, and agree to cheat and defraud any person, or body corporate, of his or their moneys, goods, chattels, or other property, or do any other dishonest, malicious and unlawful act, to the prejudice of another, they shall be guilty of a misdemeanor." It will be noted that this section proscribes not only a conspiracy to cheat and defraud, but also to "do any other dishonest, malicious and unlawful act, to the prejudice of another." However, in the case of Wilson v. Com., 96 Pa. 56, there are statements that lend weight to the contention of appellants that that section is confined to conspiracies to cheat and defraud. There the subject of the corrupt agreement was to enter on certain premises and with violence and a strong hand to expel and remove the prosecutors from possession and with like force hold and keep possession. It was there said (p. 59): "We are unable to see any good reason why the defendants should not have been sentenced. We have no question affecting the merits of the case before us. It was said, however, that the indictment was for the common law offense, while it should have been laid under section 128 of the Code: See Pamph. L. 412. An examination of this section shows that it is confined to conspiracies to cheat and defraud, just as the previous section (127) relates to conspiracies to indict. A conspiracy at common law is a much broader offense, and embraces cases where two or more persons combine, confederate and agree together to do an unlawful act, or to do a lawful act by the use of unlawful means. Section 128 of the Code does not, nor was it intended to interfere with the indictment and punishment of a common law conspiracy."
Admitting for the sake of argument only that Section 128 is limited to conspiracies to cheat and defraud, *Page 498 
can the indictment and judgment be sustained under the common law? It is too late to question the statement that the Penal Code of 1860 did not interfere with the indictment and punishment of common law conspiracy: Wilson v. Com., supra; Com. v. McHale,97 Pa. 407; Com. v. Richardson, 42 Pa. Super. 337, affirmed in229 Pa. 609, 79 A. 222; Com. v. Brown, 23 Pa. Super. 470. Counsel for appellants contend that in the common law offense the "object to be accomplished must be criminal." With this statement we are unable to agree for the authorities are to the contrary. "On the one hand, it is not necessary that the purpose or act to be accomplished or done should be criminal, or that the unlawful means used to accomplish a lawful purpose should be criminal, though there are cases tending to support the proposition that the object must be a crime. Numerous cases are to be found where convictions have been sustained for conspiracy to do unlawful acts, although those acts were not punishable as crimes. On the other hand, it is not safe to say that the term `unlawful' as used in this connection includes every act which violates the legal rights of another, thereby giving that other a right of action": 5 R.C.L. 1068. Also, see Com v. McKisson, 8 S. amp; R. 418; 2 Bishop's Criminal Law § 178; and State v. Hickling, 41 N.J.L. 208, 32 Am. Rep. 198.
In other states the precise question here involved has been passed upon. The principle is thus stated in 2 Bishop's Criminal Law § 217: "Aside from the corruption to the course of justice in the courts, it is indictable to conspire to charge one falsely with a crime, though simply as slander, where the purpose is not to go so far as to get legal process against him." This statement is supported by the cases of State v. Hickling, supra, and Com. v. Tibbetts, 2 Mass. 536. In the case of Com. v. Carlisle, Brightly's Rep. 36, 39, Mr. Justice GIBSON pointed out the difficulties in *Page 499 
defining the exact limits of the possible objects of a conspiracy, but after some discussion of the subject made this general statement: "Where the act is lawful for an individual, it can be the subject of a conspiracy, when done in concert, only where there is a direct intention that injury shall result from it, or where the object is to benefit the conspirators to the prejudice of the public or the oppression of individuals, and where such prejudice or oppression is the natural and necessary consequence."
The indictment in the present case set forth as the object of the conspiracy the purpose to charge unlawfully, falsely, and maliciously sixteen different individuals with a misdemeanor. It is idle to suggest that such action did not tend to prejudice the public and oppress the individuals. If any doubt existed on this subject the proofs clearly removed it. The facts which the jury accepted as true showed that the six conspirators planned to have one of their number make a false affidavit that innocent parties had violated the liquor laws and that in pursuance of such unlawful purpose they secured from other sources than those individuals samples of intoxicating liquor, branded them with false labels pretending to show that they were purchased from the respective individuals, caused one of their number to make a false affidavit to the purchases and then suggested to the innocent foreigners that by the payment of a sum of money the person making the charge would disappear. Not only was this an oppression of the individuals, but it was likewise to the prejudice of the public, and the fair inference is that they intended that injury should result to the persons charged. The Commonwealth is specially interested in the enforcement of the law and likewise in seeing that the innocent are not oppressed. Even though an information had never been made, this offense was indictable at the common law. The principles here involved are not materially different *Page 500 
than those in the case of Com. v. McHale, supra, to which we refer for a full discussion of the subject.
While there was some confusion in the charge of the court on the law, the trial court carefully defined the common law offense of conspiracy and entered into a considerable discussion of the essentials of such crime. Further on this subject he said: "The issue you are to decide is whether two or more of the four defendants unlawfully, fraudulently and falsely and wilfully and maliciously conspired and agreed among themselves to charge or accuse — not arrest — charge or accuse [certain persons named in the indictment] with the unlawful sale of intoxicating liquor not as guilty persons but as innocent persons." The defendants cannot complain that a greater burden was placed upon the Commonwealth than would be necessary to make out the common law offense. Neither is there any merit in the contention of the appellant that the proofs might have warranted an indictment and conviction under Section 127 of the Penal Code and that therefore an indictment under the common law would not lie. As we have seen, a conspiracy to charge one falsely with a crime is indictable even though the purpose is not to go so far as to institute a legal proceeding. The fact that the proofs exceeded the charge is not of any moment. The principle involved is not materially different from that of one charged with larceny where the proofs show that he was guilty not only of larceny but of robbery or burglary. The issue submitted to the jury and on which they have found in favor of the Commonwealth can be supported as a common law offense. We are all of the opinion that the judgments should be affirmed.
The judgments in the several appeals are affirmed, and it is ordered and directed that the defendants appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with the sentences, or any *Page 501 
part thereof, which had not been performed at the time the appeals in this case were respectively made a supersedeas.