Com. of Pa. *v.* Benedict et al., Appellants.

Argued March 16, 1934.

Before KELLER,

CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*William T. Connor,* and with him *Bernard J. Myers*
of *Zimmerman, Myers & Kready* and *John R. K.
Scott,* for appellant, cited: Warner v. Common-
wealth, 1 Pa. 154; Commonwealth v. Lavery, 247 Pa.
139; Commonwealth v. Krickbaum, 199 Pa. 351.

*Paul A. Mueller,* District Attorney, and with him
*Wilhelm F. Knauer,* Special Deputy Attorney General,
for appellee, cited: Commonwealth v. McNamara, 93
Pa. Superior Ct. 267; Commonwealth v. Barnard, 94
Pa. Superior Ct. 403.

OPINION BY PARKER, J., July 13, 1934:

The defendants were indicted, convicted, and sent-
enced for bribery and corrupt solicitation and are
here on appeals which were argued together and will
be disposed of in one opinion.

(1) The first question involved concerns the suffi-
ciency of the indictment and was raised by the refusal
of the trial court to sustain a demurrer to the indict-
ment. The first count charged that on March 24, 1932,
the defendants "did unlawfully, wickedly and cor-
ruptly solicit Estey Jimcousky, Inspector for Penn-

sylvania Alcohol Permit Board, a State Public Officer of the Commonwealth of Pennsylvania, by giving unto the said Estey Jimcousky, the sum of one hundred dollars ...... in order to influence the said Estey Jimcousky in the discharge," etc., of his duties as such inspector, "insofar as his action was concerned against the Rieker Brewery Company," etc. The second count charged the tendering and giving of a bribe to the same person to influence his behavior in the performance of his duties as such inspector as his action concerned the same brewing company. Both counts concluded, "contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

In support of appellants' attack on the indictment, it is urged that the counts were drawn under the Act of April 29, 1874, P. L. 115, §1 (18 PS 3), and Act of March 31, 1860, P. L. 382, §48 (18 PS 1), respectively; that the person whose conduct is intended to be affected in the case of corrupt solicitation is "any member of the general assembly, state, county, election, municipal or other public officer," and in the case of bribery, "any member of the general assembly, or any officer of this Commonwealth, judge, juror, justice, referee or arbitrator;" and that Jimcousky, an inspector for the Pennsylvania Alcohol Permit Board, was not a "state officer" nor "public officer of this Commonwealth" as these terms are used in such acts of assembly.

Assuming, for the sake of argument only, that Jimcousky was not a state or public officer as that term is used in the statutes referred to, but a mere subordinate ministerial agent or employe, such as policemen, firemen, and watchmen, nevertheless the indictment was good under the common law in force in this state. The counts concluded, "contrary to the form of the

Act of the General Assembly ...... and against the peace and dignity of the Commonwealth." "However it may have been at one time, it is now well settled, that these words [contrary to the act of assembly] shall be rejected as surplusage where the offense is prohibited by the common law only": Com. v. Kay, 14 Pa. Superior Ct. 376, 383. "Under the generally accepted modern definition of the crime bribery is not confined to the giving and receiving of rewards by a judge or other persons concerned in the administration of justice. We are speaking now of bribery that would be an indictable offense under the principles of the common law even in the absence of a statute applying to the particular officer": Com. v. Brown, 23 Pa. Superior Ct. 470, 492. In that case, this court adopted the language of the late Chief Justice MITCHELL of the Supreme Court, then a common pleas judge, in Com. v. Warren, 20 W. N. C. 378, where it was said: "The modern definitions of bribery clearly include as the subjects of it all persons whose official conduct is in any way connected with the administration of the government. There can be no question that a policeman, in the performance of his duty, is an officer within this definition." Surely if a policeman may be party to bribery at common law, an inspector appointed by direct authority of the legislature would be in the same category. Our thought in this matter may be covered in a few words by quoting from the opinion of Mr. Justice PAXSON in Com. v. McHale, 97 Pa. 397, 410, where it was said: "We are of opinion that all such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public police and economy." Such offenses as are here charged affect public society and the administration of justice in the gravest manner. Also, see Com. v.

Richardson, 229 Pa. 609, 79 A. 222; Com. v. Mack, 111 Pa. Superior Ct. 494, 170 A. 429. The trial court very properly in this case passed but one sentence upon both counts, and either count would have supported the sentence: Com. v. Leslie, 290 Pa. 530, 139 A. 195. While the crime was described in two counts, when the jury found the defendants guilty of bribery that covered the offense committed: Com. v. Heston, 292 Pa. 501, 141 A. 287.

(2) Appellants complain of the admission of a portion of a record in a proceeding in equity against Mike Benedict. The indictment charged that the alleged corrupt solicitation and bribery were to influence the behavior of the inspector with respect to the Rieker Brewery Company. Consequently, any connection or relation between either of the defendants and the brewing company was a proper subject of proof. Benedict took the stand and denied that he was owner, operator, or had anything to do with that brewery. He also was interrogated about a proceeding in equity against him as one of the operators of the brewery and denied any knowledge of the facts of that case except that papers were served upon him. That record disclosed that the bill was filed on March 24, 1932, the same day as that of the alleged bribery; that Benedict was a defendant and filed an answer and consented to the entry of a decree restraining him and others from operating the brewery. This was competent not only as affecting his credibility, but also as showing an admission on his own part that he was concerned at least in the operation of the brewery. There is not any parallel, as claimed by appellants, between the situation present here and that of showing a prior conviction to affect credibility. They do not involve similar principles. Here was an item of evidence which was an admission from which it could be inferred that one of the defendants was interested in the brewing com-

pany. The fact that this involved a finding which reflected upon him did not render the evidence incompetent: Com. v. Weiss, 284 Pa. 105, 130 A. 403.

(3) Finally, appellants contend that the sentence should be set aside and the defendants discharged because, as they allege, the act of assembly providing for the appointment of an inspector such as Jimcousky was repealed after the appeal was taken to this court. It may be taken as well settled that as a general rule where a penal statute is repealed without a saving clause there can be no prosecution and punishment for a violation of it before the repeal, and that the repeal of an existing statute under which a proceeding is pending (even on appeal) puts an end to the proceeding unless there is a proper saving clause: Com. v. Duane, 1 Binney 600; Com. v. King, 1 Wharton 448; Abbott v. Com., 8 Watts 517; Genkinger v. Com., 32 Pa. 99; Com. v. Beattie, 93 Pa. Superior Ct. 404; U. S. v. Chambers, 291 U. S. 217; 54 S. Ct. Rep. 434; Massey v. U. S., 291 U. S. 608, 54 S. Ct. Rep, 532. It is to be noted, however, that "where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect ...... is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced": Com. v. McNamara, 93 Pa. Superior Ct. 267, 271. Also, see Com. v. Belevsky, 79 Pa. Superior Ct. 12, 15. Upon this line of authorities the appellants relied. If the legislature had repealed the statute against bribery and corrupt solicitation and had by appropriate legislation nullified the common law on that subject, the principles would then be applicable. Here, the general principle is not.

Assuming, for the sake of argument only, that the Act of February 19, 1926, P. L. 16, §6 (47 PS 126),

was repealed by the Act of December 8, 1933, Sp. P. L. ('33-'34) 57, the offense still exists. It might just as reasonably be argued that if a policeman was bribed or corruptly solicited and then died, the person tendering or giving the bribe could not be prosecuted. It is still bribery in Pennsylvania to do the things charged in the second count of this indictment, and the law against bribery by statute and common law may be enforced even though the one offered the bribe or solicited has since the offense committed, ceased to hold the office, whether by reason of death, resignation, or because the office has been abolished.

It further appears that the Act of 1933 was an amendment of the Acts of 1926 and 1923 and not a repeal. Section 6 was not included among the sections to be amended by the last act and, as a fact, Jimcousky is still, according to the testimony, a state inspector. It is true that he is now subject to the Pennsylvania Liquor Control Board which has been substituted for the Pennsylvania Alcohol Permit Board, but he performs the same services.

We have not overlooked the case of Com. v. Massey, supra. In that case the Solicitor General of the United States conceded that the defendants were entitled to a discharge and the United States Supreme Court gave no further reasons for its order discharging defendants charged with conspiracy to violate the prohibition law. We can readily see, however, that the situation might be distinguished from the one here present for there is no common law conspiracy in the federal courts, and there is a very intimate connection between the federal offense of conspiracy and the separate crime which is its object. The necessary proofs in the state and federal jurisdictions are different, as well as the definitions.

The judgments at Nos. 37 and 38 October Term, 1934, are affirmed, and it is ordered that the defend-

ants appear in the court below at such times as they may be there called and that they be by that court committed until they have respectively complied with the sentences, or part of the sentences, which had not been performed at the time the appeal in each case was made a supersedeas.