## Commonwealth v. Lockard et al.

*Patrick E. O'Leary*, Deputy Attorney General, for petitioner.

*Chas. W. Eaby*, district attorney, contra.

SCHAEFFER, J., October 22, 1937.—Samuel W. Lockard, Paul Myers, and Carl Hiestand, defendants, were indicted for a violation of the liquor laws. A restaurant liquor license was issued by the Pennsylvania Liquor Control Board on January 7, 1937, to Samuel W. Lockard, one of the defendants, for premises no. 309 Locust Street, rear, in the Borough of Columbia and County of Lancaster. The other defendants are his bartenders. The charges relate to unlawful sales of liquor for consumption off said licensed premises and to sales of liquor on credit or not for cash in violation of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246.

The grand jury ignored the six indictments and imposed the costs upon Walter R. Diem, the prosecutor, who is an enforcement officer of the Pennsylvania Liquor Control Board. Petitions to remit these costs were presented by him to this court and rules were granted thereon. The Commonwealth filed demurrers thereto.

The district attorney in his brief says:

"It must be presumed that the Grand Jury acted lawfully and fairly. . . . The action of the Grand Jury must be approved by this Court unless cause is shown why it should not be approved. The writer of this brief knows

that the Grand Jury acted lawfully and were fully justified in doing what it did do. This knowledge was obtained in the Grand Jury room and hence it is not proper to tell what such knowledge is."

The court has no evidence to establish that the grand jury acted improperly or without just cause in ignoring the bills. On the testimony submitted by the petitioner, it appears that Walter R. Diem, the prosecutor, had made no direct investigation of the charges against the premises operated by Samuel W. Lockard in Columbia. He received orders to bring these prosecutions from Clyde Smith, the director of licensing enforcement for the Pennsylvania Liquor Control Board. The prosecutor testified that he had no personal knowledge of the facts upon which the prosecutions were based but made the complaints on information received on orders of his superior officer. He further testified that he was designated to bring these prosecutions rather than the other officers who had personal knowledge, because he was the senior officer then located in Lancaster County.

In Commonwealth v. Snyder, 45 Lanc. L. R. 455, this court set aside the imposition of costs on a constable who brought the prosecution pursuant to orders from the deputy game warden. The court held that a public officer, acting within the scope of his authority and duties, should be protected and relieved from costs imposed on him as prosecutor if the prosecution was founded on probable cause and was free from malice, and if the prosecutor acted in good faith and on reasonable grounds.

Merely following orders of a superior officer in bringing a criminal prosecution does not per se relieve the party from the imposition of costs on him as prosecutor by the grand jury. In making the complaint and presenting the case before the grand jury, a public officer must do his full duty and must act in good faith.

The status of an inspector or enforcement agent of the Liquor Control Board, appointed by direct authority of

the legislature, is that of an officer: Commonwealth v. Benedict et al., 114 Pa. Superior Ct. 183, 186.

In the instant case Walter R. Diem, the prosecutor, had no personal knowledge of the facts and acted in pursuance of orders from the Liquor Control Board. In the absence of bad faith on his part, irrespective of what other officers may have done, the court feels that he should be relieved from payment of these costs.

And now, October 22, 1937, the court overrules the demurrers filed in the above-stated indictments and makes absolute the rules granted. The court remits the costs imposed upon Walter R. Diem, as prosecutor, in all of said cases.