## Commonwealth v. Baer

*Russell H. Yoder*, assistant district attorney, for Commonwealth.

*John S. Rhoda*, for defendant.

SHANAMAN, J., October 28, 1949.—Defendant was indicted for tampering with electrical apparatus. The indictment charges that he "did unlawfully, wilfully and maliciously destroy a wire belonging to one Leroy W. Steely of 3400 Kutztown Road, Borough of Laurel-

dale, County of Berks, State of Pennsylvania, a user of electricity, and said wire having been used, and being then and there used by the·said Leroy W. Steely for the purpose of lighting by electricity a Philco electrical sign, located on the outside of the storeroom of the said Leroy W. Steely". In court defendant moved to quash the indictment for the reason that it failed to set forth an indictable offense. Upon the overruling of his motion, defendant pleaded guilty and moved at once to arrest the judgment. The court ordered the motion set down for argument. The matter has been argued and is before us for determination.

The Commonwealth contends that the indictment is properly drawn to charge a violation of section 860 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4860, the pertinent part of which reads as follows: "Whoever injures or destroys . . . any . . . wire . . . belonging to any person using . . . electricity for the purpose of light, heat, or power, . . . is guilty of a misdemeanor, . . ." Defendant contends that section 860 does not apply to wires or electrical apparatus owned by an individual consumer because the words "person using" refer to companies or other persons generating or supplying electricity. We do not regard it as necessary to determine this question. The indictment did not merely aver that defendant destroyed prosecutor's wire used for lighting by electricity a sign on the outside of prosecutor's storeroom, but expressly averred that defendant, in destroying the wire, acted "unlawfully, wilfully and maliciously". Even if defendant be not indictable under section 860 of The Penal Code, the indictment in the present case is sufficient to charge the offense of malicious mischief at common law: Commonwealth v. Cunningham, 1 Dist. R. 573; Com. v. Lipshutz, 13 Dist. R. 682. In the case of Commonwealth v. Smith, 7 Wash. Co. 87, the indictment charged that defendant "unlawfully,

wilfully and maliciously" broke and injured a certain pole and wires of the Taylorstown Farmers Telephone Company. On motion to quash the indictment, it was contended that the indictment could be sustained under the Act of May 8, 1855, P. L. 531. The court held that defendant was not indictable under the statute, but nevertheless sustained the indictment because the offense charged in the indictment constituted malicious mischief at common law. "The fact that the indictment concludes with the phrase 'contrary to the form of the Act of Assembly, etc.,' is to be treated as mere surplusage": Id. 88. In the case of Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181, 187, the court said, ". . . these words may be rejected as surplusage where the offense is prohibited by the common law only . . .": Com. v. Benedict et al., 114 Pa. Superior Ct. 183, 185-86 accord.

And now, to wit, October 28, 1949, the rule in arrest of judgment is discharged.