## Commonwealth v. Lucia

*William F. Morgan,* for Commonwealth.

*Harold Hampson* of *Hampson & Hampson,* for defendant.

WOLFE, P.J., January 24, 1972.—For disposition is defendant's motion to dismiss the complaint against her for the reason defendant has not been charged

with a crime under the laws of the Commonwealth of Pennsylvania.

Defendant was charged with violating the penal laws of the Commonwealth of Pennsylvania at Conewango Township, Warren County, on or about November 19, 1971, in that she, the defendant, "then and there being did knowingly falsely, and designedly conceal a material fact and did make a false, fictitious and fraudulent statement of fact concerning her true identity to R. F. Gilmore, a Justice of the Peace in and for the Township of Conewango, County of Warren, and before whom she was charged with the offense of shoplifting, and as a result of which a false and fictitious name was entered into and became a matter of public record. All of which obstructed the proper administration of justice and injuriously affected the public policy concerning such matters, contrary to which the common good requires and against the peace and dignity of the Commonwealth of Pennsylvania."

Both the Commonwealth and defendant rely heavily on Commonwealth v. McKarski, 208 Pa. Superior Ct. 376 (1966). Defendant further relies on Commonwealth v. Barrett, 47 D. & C. 2d 462 (1969).

It is defendant's position that even if the allegations in the complaint be true, the conduct of defendant was singular, not a continuing act, and, therefore, does not constitute a common law crime; there is no statute controlling on this point.

In Commonwealth v. McKarski, ibid., the court reviewed at length conduct that constitutes common law crimes and found in that case the telling of a single falsehood did not constitute a common law offense, whether it be called a common nuisance or improper or immoral conduct.

This court, after reviewing at length the cases cited

in McKarski, cannot conclude that it applies in the instant case. In McKarski, as well as in Commonwealth v. Barrett, the charge was founded on the proposition that the conduct of defendant amounted to a nuisance or was improper or immoral conduct. The court had no difficulty in McKarski holding that a single act did not constitute a nuisance nor did the giving of the false information result in any scandal to public morals or outrage to decency, nor obstruct or pervert the public justice or the administration of government to warrant criminal punishment.

No cases have been presented to this court nor has any been found that square with the factual situation as alleged in the complaint. However, in Commonwealth v. Schwartz et al., 210 Pa. Superior Ct. 360 (1967), the court, again following McKarski, stated at page 376:

"We are of the opinion that all such crimes as especially affected public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public policy and economy."

From a fair reading of all of the cases that can be found, it appears that if the conduct of defendant does injury or obstructs or perverts public justice such conduct is indictable: Commonwealth v. McHale, 97 Pa. 397; Commonwealth v. Miller, 94 Pa. Superior Ct. 499; Commonwealth v. Mack, 111 Pa. Superior Ct. 494. Other jurisdictions follow this rule. 22 C.J.S., Criminal Law, §18. Acts constituting or directly tending to a breach of the public peace, of frauds and cheats of a public nature or against which common prudence cannot guard, as distinguished from mere private frauds and cheats; acts injuriously affecting the public's safety, health or comfort, or tending injuriously to affect the morals of the community or shock its sense of decency,

and acts constituting or directly tending to an obstruction or a perversion of public justice, or of the administration of government have all been labeled as common law crimes.

At time of argument, it was the Commonwealth's position defendant used the name of a known person in the community. If this is true, the Commonwealth, in the court's opinion at this point, should not be put out of court. If the name used is utterly and solely fictitious so that no reasonable person could possibly be misled, we think the court's decision would be to the contrary. However, much damage could be inflicted upon innocent persons if their name could be used with impunity. It is difficult to imagine the flood of lawsuits in the civil courts for libel and slander, notwithstanding the making of criminal records for innocent persons that would prevail.

This court cannot view the alleged act of defendant as falling in the category of a nuisance. McKarski outlined Blackstone's seven categories of common nuisance and found that the single falsehood did not fall into any of the seven enumerated categories.

In this case, we conclude that if defendant in fact used a fictitious name in revealing her identity after being charged with a crime, this would reasonably thwart or obstruct or pervert public justice or the administration of government and is punishable at common law as preserved by the Act of June 24, 1939, P. L. 872, sec. 1101, 18 PS §5101, if the name relates to a known person.

For these reasons, we make the following order:

## ORDER

And now, January 24, 1972, the motion of defendant to dismiss the complaint is denied.